**Thomas CARTER, et al.**

v.

**NATIONAL RAILROAD PASSENGER CORPORATION**

**No. Civ.A. 04–1916.**

United States District Court, E.D. Pennsylvania.

July 26, 2005.

---

David F. Binder, Raynes McCarty Binder Ross & Mundy, Philadelphia, PA, for Thomas L. Carter, et al.

Christopher Stephen Kozak, Landman Corsi Ballaine & Ford, Newark, NJ, John A. Bonventre, Landman Corsi Ballaine & Ford, Philadelphia, PA, for National Railroad Passenger Corporation.

## MEMORANDUM

BARTLE, District Judge.

The jury in this action returned a verdict in the amount of $875,000 in favor of plaintiff Thomas Carter and against National Railroad Passenger Corporation ("Amtrak") for personal injuries he suffered while disembarking from an Amtrak train at BWI Airport Station in Maryland ("BWI Station"). The jury found Amtrak

to have been 70% negligent and plaintiff 30% contributorily negligent. As a result, the court reduced the award to $612,500.[1] Before the court is the motion of the plaintiffs for a new trial under Rule 59(a) of the Federal Rules of Civil Procedure or, in the alternative, for the addition of delay damages. Amtrak has renewed its motion for judgment as a matter of law under Rule 50 of the Federal Rules of Civil Procedure.

## I.

Plaintiff Thomas Carter, a Pennsylvania citizen, purchased a train ticket and boarded a southbound Amtrak train at 30th Station in Philadelphia on Sunday morning, December 7, 2003. His destination was BWI Station in Maryland where he intended to meet his son, who was flying in from Florida. His son and daughter-in-law had recently sold their home in Maryland, and plaintiff and his son were going to do some last minute clean up of the house in preparation for the closing. Plaintiff suffered serious injuries as he was leaving the train. Amtrak conceded its own negligence but contended that plaintiff was contributorily negligent. The key factual dispute at the trial was whether plaintiff began to exit the train *before* or *after* the train door started to close and the train started to move out of the station.

## II.

■ Amtrak contends that the court erred when it instructed the jury on Pennsylvania, rather than Maryland, law. Maryland adheres to the traditional rule that contributory negligence on the part of a plaintiff is an absolute defense to recovery in a negligence action. *Int'l Bhd. of*

*Teamsters v. Willis Corroon Corp.*, 369 Md. 724, 802 A.2d 1050, 1052 (2002).[2] Pennsylvania, on the other hand, has adopted a comparative negligence statute. So long as the plaintiff's negligence does not exceed 50%, the plaintiff may recover an award reduced by the percentage of his or her fault, if any. PA. STAT. ANN. tit. 42 § 7102.

■ In determining which state law to apply, this court must first look to the conflict of laws rules of the state in which the court sits, in this case, Pennsylvania. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Budget Rent-A-Car System, Inc. v. Chappell*, 407 F.3d 166 (3d Cir.2005). The Pennsylvania Supreme Court many years ago abandoned the rigid lex loci delicti or place-of-injury rule "in favor of a more flexible rule which permits analysis of the policies and interests underlying the particular issue before the court." *Griffith v. United Air Lines*, 416 Pa. 1, 203 A.2d 796, 805 (1964).

■ In making our analysis, we must consider whether there is a real or true conflict between the interests of Maryland and Pennsylvania. *See LeJeune v. Bliss-Salem, Inc.*, 85 F.3d 1069, 1071 (3d Cir. 1996); *Cipolla v. Shaposka*, 439 Pa. 563, 267 A.2d 854, 855–56 (1970). If there is, we then apply "the law of the state having the most significant contacts or relationships with the particular issue." *Budget*, 407 F.3d at 170. We must determine which jurisdiction has the greater interests, considering the qualitative contacts of the states, the parties and the controversy. *See LeJeune*, 85 F.3d at 1071; *Cipolla*, 267 A.2d at 856. A false conflict exists if only

---

**1.** Plaintiff's wife, Lenora Carter, had a loss of consortium claim. The jury awarded her no damages.

**2.** Maryland law also caps non-economic damages. MD.CODE ANN, Courts and Judicial Proceedings § 11–108.

one state's interests would be adversely affected by the application of the other state's law. In that case, the law of the interested state will govern. *Budget*, 407 F.3d at 170; RESTATEMENT (SECOND) OF CONFLICTS OF LAWS § 6 (1971). Should the interest of no state be harmed if its law is not applied, the place of injury rule will then be utilized. *Budget*, 407 F.3d at 170; *Miller v. Gay*, 323 Pa.Super. 466, 470 A.2d 1353, 1355–56 (1983).

*Griffith*, the seminal Pennsylvania decision, is the guidepost for our decision here. In that case, a Pennsylvania domiciliary had purchased a ticket in Philadelphia to fly to Phoenix, Arizona. He was killed when the plane crashed as it was landing in Denver, Colorado, a scheduled stop, on its way to Phoenix. Colorado severely limited the damages in the survival action while Pennsylvania did not. The Pennsylvania Supreme Court, reasoning that Colorado had no interest in the matter, applied Pennsylvania law. The court pointed out that while the Colorado statute may have been intended to protect Colorado defendants against large verdicts, United Air Lines was not domiciled there and flew over other states, such as Pennsylvania, which do not limit damages. In contrast, the Commonwealth had a significant interest in a recovery from a negligent defendant for the benefit of the decedent's estate and heirs. *Accord, Kuchinic v. McCrory*, 422 Pa. 620, 222 A.2d 897 (1966).

The recent Court of Appeals decision in *Budget Rent–A–Car System v. Chappell*, 407 F.3d 166, is consistent with the reasoning in *Griffith*. There, Joseph Powell, a resident of Michigan, had rented a Budget Rent–a–Car in Michigan and driven it to New York to visit his girlfriend, Nicole Chappell, a New York resident. Several days later, Powell was driving her to Michigan when Powell fell asleep on Interstate 80 in Pennsylvania. A one car accident ensued in which Chappell was seriously injured. Budget brought a declaratory judgment action to determine whether Michigan, New York, or Pennsylvania law applied. Under Michigan law, its liability was capped at $20,000 while Budget faced unlimited liability under New York law and probably no liability under Pennsylvania law.

The Court of Appeals determined that Pennsylvania did not have any interest in applying its law. It explained that there was no connection between Pennsylvania and the parties except for the "chance occurrence" that the accident had taken place there. *Id.* at 177 n. 9. The Commonwealth had no interest in securing a recovery for Chappell or in limiting Budget's liability. The Court of Appeals held that the interest of New York, where Chappell resided, was "clear, direct and compelling." *Id.* at 177. New York had an interest in Chappell's recovering from a financially responsible party, in compensation of that state's vendors supplying treatment, and in recouping the state's welfare expenses. Finally, the court observed that Michigan's only concern was in capping Budget's liability, a concern which was "uncertain and tenuous at best." *Id.* at 178.

The situation here in our view presents a false conflict as in *Griffith*.[3] *See also Scott v. Eastern Air Lines, Inc.*, 399 F.2d 14, 22 (3d Cir.1967) *cert. denied*, 393 U.S. 979, 89 S.Ct. 446, 21 L.Ed.2d 439 (1968); *Kuchinic*, 222 A.2d at 899–900. Maryland has no interest in the plaintiff's recovery of damages from Amtrak while Pennsylvania's interest is significant. Plaintiff, a Pennsylvania citizen, purchased his train ticket in Philadelphia. Amtrak, of course, operates in many states as well as in the District of Columbia. It was incorporated

---

3. The result we reach is the same whether or not there is a true or a false conflict.

by an Act of Congress to provide intercity and commuter rail passenger service. By law, it is deemed a citizen of the District of Columbia and its principal office and place of business are located there. 49 U.S.C. §§ 24101–24104; 49 U.S.C. § 24301, *et seq.* Many of the jurisdictions in which Amtrak's trains travel have comparative negligence statutes, which allow plaintiffs to recover damages even though they may have been negligent to some degree. For example, in Amtrak's busy Northeast Corridor between Boston and Washington, only Maryland and the District of Columbia bar recovery based on a plaintiff's contributory negligence. *Int'l Bhd. of Teamsters,* 802 A.2d at 1052; *Jarrett v. Woodward Bros., Inc.,* 751 A.2d 972, 985 (D.C.2000). Massachusetts, Rhode Island, Connecticut, New York, New Jersey, Pennsylvania, and Delaware all have either a pure comparative fault or a modified comparative fault statute. MASS. GEN. LAWS ch. 231, § 85; R.I. GEN. LAWS § 9–20–4; CONN. GEN.STAT. ANN. § 52–572H; N.Y. CPLR LAW § 1411; N.J. STAT. ANN. § 2A:15–5.1; PA. STAT. ANN. tit. 42 § 7102; DEL.CODE ANN. tit. 10 § 8132. Similar to United Airlines in *Griffith,* it cannot be said that Amtrak, as an interstate common carrier, relied on Maryland's contributory negligence defense. Nor does Maryland have any interest in limiting Amtrak's liability to protect the state's business climate. Amtrak is an out-of-state corporation whose main tracks traverse the state between Delaware and the District of Columbia. Whether or not Maryland has a contributory negligence bar will not affect in any way whether Amtrak will continue to operate there. Unlike other businesses, it cannot pick up and leave.

On the other hand, Pennsylvania has a compelling interest in the recovery of compensation by one of its injured citizens against a negligent defendant when that citizen, as here, is less than 50% negligent. It also has a strong interest in having the Commonwealth's health care providers compensated for services rendered to a plaintiff such as Dr. Carter who lives and is being treated within its borders.[4]

It is true that, in contrast to *Griffith,* the jurisdiction where the accident occurred in the instant action was not fortuitous, that is, plaintiff's destination that day was Maryland. He was not merely passing through. *See LeJeune,* 85 F.3d at 1072; *Budget,* 407 F.3d at 177 n. 9. We do not think that this changes the outcome. In *Scott v. Eastern Air Lines, Inc.,* 399 F.2d 14, the Court of Appeals found a false conflict and decided Pennsylvania law was applicable rather than Massachusetts law in a death action. There a Pennsylvania citizen was killed when an airplane in which he was a passenger crashed as it took off from Logan Airport in Boston on its way to Philadelphia. The decedent had been in Boston for business and thus his presence in and over Massachusetts was more than by chance as was Dr. Carter's presence in Maryland.[5]

We will deny defendant's motion for judgment as a matter of law. The law of Pennsylvania was properly applied in this case.

---

4. Plaintiff did not seek recovery for any of his extensive medical treatment, most of which occurred in Pennsylvania.

5. Amtrak's citation to this court's decision in *Kirby v. Lee,* 1999 WL 562750 *1 (E.D.Pa. July 22, 1999), is inapposite. The court applied Maryland law, where the automobile accident occurred rather than Pennsylvania law, for which plaintiff had argued. However, plaintiff was a citizen of New Jersey and had no contacts with Pennsylvania except that it was his choice of forum.

## III.

Plaintiff first contends in his motion for a new trial that the court erred in not charging the jury on reckless disregard of safety. This issue becomes significant because a plaintiff's contributory negligence is not a defense if a defendant is found liable under this standard. *Krivijanski v. Union R.R. Co.*, 357 Pa.Super. 196, 515 A.2d 933 (1986).

The action was originally filed in the Court of Common Pleas of Philadelphia County and was timely removed, pursuant to 28 U.S.C. §§ 1331 and 1441. The complaint alleges that plaintiff's accident "was caused by the negligence of the defendant [Amtrak] and its breach of duty to its passengers. . . ." Consistent with Pennsylvania Rules of Civil Procedure which require fact pleading, the complaint identifies eight ways in which Amtrak was negligent and breached its duty. *See* Pa. R. Civ. P. 1019 and 1020. The complaint, however, did not aver that Amtrak acted in reckless disregard of the safety of its passenger, Thomas Carter.

The Pennsylvania Superior Court in *Krivijanski*, 357 Pa.Super. 196, 515 A.2d 933, explained the difference between reckless disregard of safety and negligence. The court quoted with approval comment g of § 500 of the RESTATEMENT OF TORTS (SECOND), which states in relevant part:

> The difference between reckless misconduct and conduct involving only such a quantum of risk as is necessary to make it negligent is a difference in the degree of the risk, but this difference of degree is so marked as to amount substantially to a difference in kind.

*Id.* at 937, 515 A.2d 933. Reckless disregard of safety is not negligence in a different garb. The two types of conduct "amount substantially to a difference in kind." If plaintiff originally intended to pursue the theory of recklessness, he would necessarily have had to have included it in his complaint in the Common Pleas Court in order to conform to the relevant state pleading rules. This plaintiff did not do so.

After removal and during discovery, there is no evidence of any mention of recklessness by plaintiffs. The points for charge submitted by plaintiffs shortly before trial began did not include any reference to it. It was not until the day before the court was to charge the jury that plaintiffs provided the court and defendant with a point for charge on the subject. Moreover, it was not until after the jury was instructed that plaintiffs moved in open court to amend their complaint to add this claim. Amtrak at this late stage had no opportunity to prepare its defense with this claim in mind. We denied the instruction and the motion to amend as out of time and prejudicial to defendant. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Cureton v. National Collegiate Athletic Ass'n*, 252 F.3d 267, 272–74 (3d Cir.2001).

"A district court may deny leave to amend a complaint if a plaintiff's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the opposing party." *Cureton*, 252 F.3d at 273; *see also Foman*, 371 U.S. at 182, 83 S.Ct. 227; Fed.R.Civ.P. 15(a). A motion to amend a complaint to add a substantially different legal theory after the close of extensive discovery has been considered untimely and unduly prejudicial. *Berger v. Edgewater Steel Co.*, 911 F.2d 911 (3d Cir.1990). Here the unreasonableness of the delay and the degree of prejudice is even greater. Without explanation, the plaintiffs proposed the point for charge on recklessness when there was only one more day left for trial. As noted above, they then

proposed the amendment to their complaint after the jury had been charged. Long before, plaintiffs were aware of the facts upon which the proposed point for charge and the amendment relied, and they knew or should have known of the availability of the legal theory of reckless disregard of safety. *See Cureton*, 252 F.3d at 272–74. We adhere to our ruling denying the instruction and the amendment.

Plaintiff also contends in support of his motion for a new trial that there was no evidence presented from which the jury could reasonably have found that Dr. Carter was contributorily negligent. This argument is without merit. The evidence in this record is surely sufficient, together with reasonable inferences to be drawn therefrom, that Dr. Carter began to exit the train *after* the train door began to close and the train began to pull out of BWI station. We will not second-guess the jury's findings.

Accordingly, we will deny plaintiff's motion for new trial.

### IV.

■■■ Finally, plaintiff Thomas Carter moves to amend the judgment under Rule 59(e) to add delay damages pursuant to Rule 238 of the Pennsylvania Rules of Civil Procedure. A federal court is required to add such damages in personal injury cases tried under Pennsylvania substantive law. *See Fauber v. KEM Transp. & Equip. Co.*, 876 F.2d 327 (3d Cir.1989).

Rule 238 provides in relevant part:

(a)(1) At the request of the plaintiff in a civil action seeking monetary relief for bodily injury, death or property damage, damages for delay shall be added to the amount of compensatory damages awarded against each defendant or additional defendant found to be liable to the plaintiff in the verdict of a jury, in the decision of the court in a nonjury trial or in the award of arbitrators appointed under section 7361 of the Judicial Code, 42 Pa.C.S. § 7361, and shall become part of the verdict, decision or award.

(2) Damages for delay shall be awarded for the period of time from a date one year after the date original process was first served in the action up to the date of the award, verdict or decision.

The rule has other provisions setting forth how delay damages are to be calculated. It also provides for the exclusion of delay damages, under certain circumstances, where a pre-trial settlement offer has been made by the defendant or where plaintiff has caused delay of the trial. Pa. R. Civ. P. 238(b).

The plaintiff has timely moved for the addition of delay damages in the amount of $6,380. Amtrak does not challenge the correctness of the calculation, if such damages are allowable. *See id.* Instead, it contends that no delay damages should be added because it did not cause any delay in the case reaching trial and because the jury verdict was considerably below the plaintiff's settlement demand and even below the defendant's offer. The fact that Amtrak may not have caused any delay and always negotiated in good faith is not sufficient to avoid delay damages. The result Amtrak seeks would require a re-writing of Rule 238. *Kirk v. Raymark Indus.*, 61 F.3d 147, 169–70 (3d Cir.1995). Moreover, the exclusion of delay damages requires, among other things, that the defendant's settlement offer be made in writing. Rule 238(b)(2). Significantly, Amtrak does not state that it did so.

Plaintiff is entitled to delay damages in the amount of $6,380, and the judgment will be amended accordingly.

### ORDER

AND NOW, this    day of July 2005, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that:

(1) the motion of defendant National Railroad Passenger Corporation for judgment as a matter of law is DENIED;

(2) the motion of plaintiffs for a new trial is DENIED;

(3) the motion of plaintiff Thomas Carter to add delay damages in the amount of $6,380 to the judgment in his favor is GRANTED; and

(4) the amount of the judgment in favor of plaintiff Thomas Carter and against defendant National Railroad Passenger Corporation is amended to read "$618,880."